## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
## BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**                    DATE: March 20, 2000

**CIVIL NO. 98-1327 (DRD)**
LAW CLERK: Karen A. Rivera-Turner

===============================================================

| | | |
|---|---|---|
| ENCARNACION RIOS et al | Attorneys: | Marcos Valls Sánchez |
| Plaintiff | | |
| v. | | |
| WILLIAM HENDERSON, et al | | Fidel Sevillano Del Río |
| | | Ken Levine |
| Defendants | | |

===============================================================

FURTHER SETTLEMENT CONFERENCE was held today. Counsel for Plaintiff advised the Court that all but the retaliation claim have been withdrawn. Plaintiff further informed the Court that a demand offer was made but Defendants did not respond. Defendants stated that a counteroffer would not be made until Plaintiff made a serious and reasonable demand offer.

The Court advised Defendants that summary judgments in cases where there are issues of motive and intent are precluded. Domínguez v. Suttle Caribe, Inc., 202 F.3d 424 (1st Cir. 2000).

The Court explored settlement options with the parties. After consultation with his client, counsel for Plaintiff made a new demand offer. Defendants, however, rejected the offer as unreasonable. Defendants then made a settlement offer which was rejected. The Court advised the parties of a figure which seemed reasonable to the Court. The Court invited the parties to examine the case of Smith v. K-Mart Corporation, 177 F.3d 19, 31 (1st Cir. 1999), as to the quantum of damages for mental distress that may be claimed when the claimant lacks proof as to therapist visits and/or expert testimony as to mental distress. Notwithstanding, no settlement was reached.

39

Accordingly, and if no settlement is reached within a reasonable time, the Court will resolve Defendants' motion for summary judgment.

*[signature]*
LAW CLERK

s/c: Counsel of record

N:\MINUTES\98-1327C.MEM